UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER ROBISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV226 CDP |
| ) | |
| JPMORGAN CHASE & CO., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This is a case about missing property. Plaintiff, Heather Robison, took out a mortgage on her house through Washington Mutual Bank (WaMu). In June 2008, the house was damaged by fire. Robison, although no longer residing in the home, left behind some of her personal belongings. According to Robison, she then fell behind on her mortgage payments, but WaMu did not foreclose on the house. However, in April 2009, agents of WaMu entered the house without Robison's permission and removed all of the personal property. Robison sued defendant JPMorgan Chase & Co. as successor in interest to WaMu in state court for conversion and trespass. Robison asked that JPMorgan return or pay for the property, and claimed statutory and punitive damages.

JPMorgan then removed this case to federal court based on diversity jurisdiction. Soon thereafter, it moved to dismiss under Fed. R. Civ. P. 12(b)(6),

arguing that Robison failed to sufficiently allege (1) JPMorgan's liability as successor in interest to WaMu; and (2) conduct or intent necessary to make a claim for punitive and statutory damages. JPMorgan also argued that Robison cannot allege a separate cause of action for punitive damages. Because I find that Robison has met the pleading requirements of Fed. R. Civ. P. 8(a), and has sufficiently stated a claim upon which relief may be granted for each count of her complaint, I will deny JPMorgan's motion to dismiss.

**Discussion**

In its motion to dismiss, JPMorgan argues that the entire complaint fails to state a claim because Robison does not identify the WaMu agents alleged to have taken the property and fails to allege facts that would support a reasonable inference that JPMorgan is liable for the actions of those agents. JPMorgan further argues that Robison's claims for punitive and statutory damages should be dismissed because Robison does not allege that JPMorgan damaged or destroyed the property (she only alleges that the property was removed) and she does not allege any wanton, malicious, evil, or reckless motive. JPMorgan argues that these pleadings fail to meet the standard of Fed. R. Civ. P. 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Finally, JPMorgan argues that the claim for punitive damages should be dismissed because a claim for punitive damages cannot be brought as a separate

cause of action. Robison responded, arguing that the Missouri pleading rules, not the federal rules, apply to this motion to dismiss; that JPMorgan's arguments about successor in interest liability are irrelevant, because the alleged tort occurred after JPMorgan purchased WaMu; and that she has pleaded sufficient facts to support claims for punitive and statutory damages.[1]

As a preliminary matter, this court applies the Federal Rules of Civil Procedure to actions removed from state court. Once a case has been removed to federal court, federal, not state law, applies to all future proceedings. *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 437 (1974). For this motion to dismiss, Robison's complaint will be judged by the Federal Rules, not the pleading requirements of Missouri courts.

JPMorgan has moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). The court must assume all factual allegations of the complaint are true and must construe those allegations in favor of the plaintiff. *Id.* at 326. "The motion will succeed or fail based upon the allegations contained in the face of the complaint." *McAuley v. Fed. Ins. Co.*, 500

---

[1] Robison's response to the motion to dismiss was untimely under this court's rules. Accordingly, she should have sought leave to file her response out of time. Nonetheless, I will consider her response.

F.3d 784, 787 (8th Cir. 2007) (internal citations and quotation marks omitted). However, the factual allegations in the complaint must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, the complaint must contain facts which, if accepted as true "state a claim to relief that is plausible on its face." *Id*. at 570. A claim is plausible on its face when "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

JPMorgan argues that Robison has not sufficiently alleged that it is the successor in interest to WaMu. As a result, according to JPMorgan, Robison cannot show that WaMu's pre-existing corporate liabilities have passed to JPMorgan. This argument is flawed for two reasons: First, Robison does not have to allege liability as a successor in interest because she has sufficiently alleged that JPMorgan operated WaMu as a branch, subsidiary, or part of JPMorgan. Second, even if Robison's claim was based on successor in interest liability, the alleged trespass and conversion occurred after JPMorgan took over WaMu, making whether JPMorgan succeeded to WaMu's liabilities irrelevant.

Robison alleges that JPMorgan purchased WaMu in September 2008, and that, after purchasing WaMu, JPMorgan operated WaMu as a branch, subsidiary,

or part of JPMorgan. It is true that Robison, in the case caption, names "JPMorgan Chase & Co., Successor in Interest to Washington Mutual Bank" as defendant. However, in the complaint, Robison alleges that "JPMorgan Chase & Company purchased Washington Mutual Bank from receivership in or around September, 2008" and that JPMorgan "continued to operate WaMu as a branch, subsidiary or part of JPMorgan . . . ." Robison's (perhaps imprecise) use of the phrase "successor in interest" in the caption does not preclude her assertion that JPMorgan operated WaMu as a branch, subsidiary, or part of JPMorgan. Under these facts, liability could attach to JPMorgan for the alleged actions of WaMu agents.

Under Missouri law, a parent corporation may be held liable for the actions of a subsidiary, where the subsidiary is acting as an agent of the parent. *Ritter v. Barnes Jewish Christian Health Sys.*, 987 S.W.2d 377, 384-85 (Mo. Ct. App. 1999). To establish such a principal-agent relationship, a party must adduce evidence that the parent corporation exercised such domination and control over the subsidiary "that the controlled corporation has, so to speak, no separate mind, will or existence of its own and is but a business conduit for its principal." *Blackwell Printing Co. v. Blackwell-Wielandy Co.*, 440 S.W.2d 433, 437 (Mo. 1969) (quotation omitted). Here, Robison has alleged that JPMorgan operated WaMu as a subsidiary, branch, or part of JPMorgan. This allegation is sufficient

to support a cause of action against JPMorgan based on the actions of its alleged subsidiary, WaMu.

Even if Robison's claims were based on successor in interest liability, the alleged trespass and conversion occurred after JPMorgan took over WaMu: Robison alleged that JPMorgan purchased WaMu in September 2008. From September 2008 on, JPMorgan allegedly operated WaMu as a branch, subsidiary, or part of JPMorgan. The alleged trespass and conversion occurred on April 14, 2009. The cases cited by JPMorgan in its motion to dismiss are inapposite: Robison does not allege that JPMorgan succeeded to WaMu's liabilities. Rather, she alleges that JPMorgan is liable through its operation of WaMu as a branch, subsidiary, or part of JPMorgan at the time the alleged tort was committed.

JPMorgan also argues that Robison has failed to allege facts sufficient to support her claims for punitive and statutory damages. Robison's claims for statutory damages are based on Mo. Rev. Stat. § 537.330, which states, in part:

> If any person shall maliciously or wantonly damage or destroy any personal property, goods, chattels, furniture or livestock, the person so offending shall pay to the party injured double the value of the things so damaged or destroyed . . . .

JPMorgan argues that Robison has failed to allege that its actions were malicious or wanton, or that it damaged or destroyed the property. In her complaint, Robison alleges that the WaMu agents entered her home without permission and removed her personal property. She alleges that WaMu did not have permission to

do so, and that, after "repeated requests," WaMu has refused to return the property, or to reimburse her for the loss. Robison also alleges, in Count I, that the actions of JPMorgan, or its agents, were "taken with the intent to exercise control of Plaintiff's personal property to [her] detriment." I find that these allegations, taken as true, can reasonably be interpreted as allegations that either: (1) JPMorgan took the property and is holding on to it despite Robison's requests for its return[2]; or, in the alternative, (2) JPMorgan took the property and destroyed it, which is why it has not been returned. Robison's allegations of loss and her requests for compensation if the property is not returned reasonably indicate a claim based on the potential destruction or damage to the property.

JPMorgan also argues that Robison has failed to allege, under both her claim for statutory and for punitive damages, that its actions were malicious, wanton, willful, reckless, and without regard for her rights. Under Missouri law, punitive damages may be found in an action for trespass "if the evidence shows the trespass was malicious, willful, intentional, or reckless." *Crook v. Sheehan Enters., Inc.,* 740 S.W.2d 333, 337 (Mo. Ct. App. 1987). "The evidence, however, need not support a finding of actual malice, which is commonly defined as ill-will, spite, or hostility." *Id*. (citation omitted). In Missouri, the evidence need only

---

[2] Removal without return, but not destruction, may not be considered destruction or damage under the Missouri statute. *See, e.g. Miller v. Clark*, 78 Mo. App. 447 (Mo. Ct. App. 1899) (requiring evidence of destruction or damage, not just taking, of property).

show legal malice, or malice in law. *Id*. "An Act is committed with legal malice, or malice in law, if it is done intentionally, without just cause or excuse." *Id*. (citations omitted). This definition of malice applies equally to claims under § 537.330. *See Bean v. Branson*, 266 S.W. 743, 744 (Mo. Ct. App. 1924) (finding that the correct definition of malice in a §537.330 damages question is "the intentional doing of a wrongful act without just cause or excuse."). Here, Robison has alleged sufficient facts for her statutory and punitive damages claims to survive: She alleged that the agents intentionally took her belongings, without cause or excuse.

Finally, JPMorgan argues that Robison's separate claim for punitive damages is improper. It is true that a punitive damage claim is not a separate cause of action and that any claim for punitive damages must be brought in conjunction with a claim for actual damages. *See Klein v. Gen Elec. Co.*, 728 S.W.2d 670, 671 (Mo. Ct. App. 1987). However, here, Robison has made a claim for actual damages. JPMorgan's concern, it seems, is that Robison has styled her claim for punitive damages as a separate cause of action in the complaint, rather than adding a claim for punitive damages to each count. I find that, regardless of whether Robison has styled her punitive damage claim as a separate count, she is entitled to pursue these claims. *See Noble & Assocs., Inc. v. Edwards*, No. 07-CV-

3123-S-FJG, 2007 WL 3094230, at *3  (W.D. Mo. Oct. 19, 2007) (allowing a separately styled claim for attorney fees to survive a motion to dismiss).

Because I find that Robison has met the pleading requirements of Fed. R. Civ. P. 8(a)(2), as she has sufficiently set out the facts supporting her claims showing that she may be entitled to relief, I will deny JPMorgan's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#7] is DENIED.  This case will be set for a Rule 16 Scheduling Conference by separate Order.

                                              _____
                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2010.