UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HEATHER ROBISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CV226 CDP |
| ) | |
| JP MORGAN CHASE & CO., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

After a jury trial resulted in a verdict for plaintiff Heather Robison, she filed a Motion for Bill of Costs seeking $2694.64. Defendant JP Morgan Chase & Co. has objected, arguing that certain items claimed are not properly taxable. Robison has not responded to JP Morgan's objections and the time for filing her opposition has passed. I agree with most, but not all, of JP Morgan's objections, and so I will only award costs to Robison in the amount of $1676.04.

Under Rule 54(d)(1), Fed. R. Civ. P., costs are usually allowed to the prevailing party. The specific costs that are recoverable are set out in 28 U.S.C. § 1920 as follows:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Robison's Motion for Bill of Costs claims taxable costs in the amount of $2694.64, including $804.21 for fees and disbursements for printing, $77.63 in fees for a witness, $815.70 in fees for exemplification and copies of papers necessarily obtained for use in the case, $22.50 for docket fees, and $974.60 for other costs.

"A prevailing party is presumptively entitled to recover all of its costs." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (internal citations and quotation marks omitted). However, § 1920 is not a fee-shifting statute, and many expenses that might be reasonably incurred by counsel as part of their representation are nevertheless not considered taxable costs, and cannot be recovered. Robison's Bill of Costs includes many such items.

In the "fees and disbursements for printing" category, JP Morgan objects to $135 requested for printing pleadings and court filings, arguing that Robison's pleadings and court filings are not copies "necessarily obtained for use in the case." Robison has not responded to these objections. Although she is presumptively entitled to recover all of her costs, JP Morgan has rebutted that

presumption, and Robison failed to show what, if any, of these printing expenses are properly taxable. I will reduce Robison's Bill of Costs by $135.

In the "other costs" category, JP Morgan objects to $43.60 for a process server other than the United States Marshals and $840.00 for a mediator fee. Only Marshals's fees for service are taxable as costs, and costs associated with the use of a special process server are not allowed. *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985); *see also Exec. Air Taxi Corp. v. City of Bismarck*, 2006 WL 3544386, at *2 (D.N.D. Nov. 7, 2006) (noting that although the role of the federal marshal in civil lawsuits has been diminished since the Eighth Circuit's decision in *Crues*, district courts remain bound by that decision). Mediation costs are not taxable either. *See Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002). I will reduce Robison's Bill of Cost by another $883.60.

In the "exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case" category, JP Morgan objects to $420.10 used to obtain a certified copy of the transcript from a witness who both parties placed on their witness lists. Deposition transcripts are properly categorized as fees for "printed or electronically recorded transcripts necessarily obtained for use in the case" category, i.e., 28 U.S.C. § 1920(2), rather than  28 U.S.C. § 1920(4). This deposition was originally taken for use in another case and the transcript was obtained before this lawsuit was filed, but it was reasonable for

Robison to have reviewed the prior testimony of a potential witness before filing her Complaint. I will overrule JP Morgan's objection to this item.

To summarize, I will order taxed the following costs:

| | |
|---|---|
| Fees and disbursements for printing: | $669.21 |
| Fees for witnesses: | $ 77.63 |
| Fees for exemplification and copies: | $815.70 |
| Docket fees under 28 U.S.C. § 1923: | $ 22.50 |
| Other costs: | $ 91.00 |

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion for Bill of Costs under 28 U.S.C. § 1920 is granted in part and denied in part. The Clerk shall tax costs in favor of plaintiff Heather Robison in the amount of $1676.04.

                                                   */s/ Catherine D. Perry*
                                                 CATHERINE D. PERRY
                                                 UNITED STATES DISTRICT JUDGE

Dated this 28th day of March, 2012.